IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAY EUGENE FIELDS (TDCJ No. 500527), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-700-B-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Ray Eugene Fields, a Texas inmate, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3 & 4. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Through the applicable habeas petition, Fields challenges two Dallas County convictions for aggravated robbery, for which he ultimately received sentences of 40 years' imprisonment, in November 1988. *See State v. Fields*, Nos. F88-93664-M & F88-

93665-M (194th Dist. Ct., Dallas Cnty., Tex.), *aff'd*, Nos. 05-88-01436-CR & 05-88-01436-CR (Tex. App. – Dallas Oct. 11, 1989). He did not file a petition for discretionary review (or "PDR") in the Texas Court of Criminal Appeals (the "CCA").

On initial review of the federal habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 7] to provide Fields fair notice of the limitations issues and to allow him to present his positions as to those issues through a verified response to the questionnaire. But, in the more than three months since the deadline to do so, Fields has failed to file a response or otherwise contact the Court.

## Legal Standards

I.  <u>Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

    collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 136 S. Ct. at 756

(emphasis in original).[1] But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, ___ F.3d ___, No. 18-10526, 2019 WL 3521824, at *2 (5th Cir. Aug. 2, 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual'

---

[1] *See, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

II.   Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the United States Court of Appeals for the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006);

alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Because Fields failed to file a PDR in the CCA, the state criminal judgments now challenged became final for federal limitations purposes no later than "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was 30 days after the Dallas Court of Appeals affirmed the judgments – or, here, on November 10, 1989, *see Flores v. Quarterman*, 467 F.3d 484, 485–86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); TEX. R. APP. P. 68.2.

While Fields eventually sought state post-conviction relief as to these convictions and sentences, he failed to seek that relief within one year from the date the convictions became final for limitations purposes. *See Ex parte Fields*, Nos. W88-93664-M(A) & W88-93665-M(A) (194th Dist. Ct., Dallas Cnty., Tex.) (reflecting that both first

state habeas petitions were filed no sooner than August 26, 2012, the date he represents that he signed the petitions); *see also Ex parte Fields*, WR-78,646-01, -02 (Tex. Crim. App. Nov. 21, 2012) (denying these petitions without written order on the trial court findings without a hearing).

Accordingly, the Section 2254 habeas application – filed no sooner than March 15, 2019, the date on which Fields represents he placed it in the prison mailing system, *see* Dkt. No. 3 at 10 – was filed more than 28 years too late. The application is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence. But Fields's recitation of some "'exceptions' to the time-bar" without providing facts to show how any exception may apply to him, *id.* at 9, does not demonstrate that he is entitled to, for example, equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application, *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

### Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this

recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE